JUSTICE COTTER
dissents.
¶22 In my judgment, the District Court’s reliance on the theory of ratification was misplaced, and this Court errs in accepting it. As this Court points out, the Addendum specified an employment expiration date which was four years later than the expiration date set forth in the original Employment Agreement. This being so, the Addendum does not “ratify the original Employment Agreement,” as the Court posits (¶ 16) — it changes it. However, now that the District Court and this Court have applied the ratification theory, it is imperative that the theory be applied correctly under the law. I would conclude we have not done so.
¶23 It is important to note that CMC did not argue contract ratification as a basis for its request for summary judgment. Thus, Stowers had no reason to argue the elements of ratification in resisting summary judgment. It was only when he received the District Court’s order of summary judgment adopting the theory that Stowers realized the necessity of presenting evidence of his intent; however, his Motion to Alter or Amend Judgment to present such evidence was denied by the District Court.
¶24 Stowers argues on appeal and I agree, that, in order to constitute a contract ratification, there must be an acceptance of the act of ratification with an intent to ratify, made “with full knowledge of all the material circumstances.” Koerner v. Northern Pac. Ry. Co., 56 *123 Mont. 511, 520, 186 P. 337, 340 (1919). See also Wyman v. Wyman, 208 Mont. 57, 64, 676 P.2d 181, 185 (1984). Thus, evidence of whether Stowers intended to ratify, or acted “with full knowledge of all the material circumstances” is directly relevant to the question of whether a ratification occurred. This being so, Stowers’ contention that the Addendum was handed to him during a dinner party with assurances that the purpose of the document was to increase his compensation, and his argument that he had no intent to “ratify” a new contract expiration date, was-by law-relevant to the court’s analysis. The District Court erred in adopting a theory not urged by the moving party, and then in refusing to consider evidence relevant to that theory’s application.
¶25 Because there is a genuine issue of material fact regarding Stowers’ intent in executing the Addendum, the District Court erred in granting summary judgment to CMC. I would reverse the District Court’s order of summary judgment and remand with instructions that the court take account of Stowers’ intent evidence. I dissent from our refusal to do so.
JUSTICE NELSON joins in the Dissent of JUSTICE COTTER.